CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

AUG 3 1 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CLARENCE BUFFALO, <br> Plaintiff, | Civil Action No. 7:09-CV-00356 |
| v. | MEMORANDUM OPINION |
| JUDGE MOSBY G. PERROW, III, et al., <br> Defendants. | By: Samuel G. Wilson <br> United States District Judge |

Clarence Buffalo, proceeding pro se, filed[1] this civil rights action pursuant to 42 U.S.C. § 1983 against Hon. Mosby G. Perrow, III, Circuit Court Judge for the City of Lynchburg; William G. Petty, the Commonwealth's Attorney for the City of Lynchburg[2]; and Dr. Stephen Nichols, a psychiatrist at Western State Hospital.[3] Buffalo's claims arise from Judge Perrow's determination and order that Buffalo, who is civilly committed due to his mental illness, must remain in the custody of the Commissioner of Virginia Department of Behavioral Health and Developmental Services on "an inpatient hospitalization basis." Upon review of his complaint, the court finds that Buffalo's complaint fails to state a claim upon which relief may be granted, and therefore, dismisses it pursuant

---

[1] Buffalo originally filed this action in the United States District Court for the Eastern District of Virginia. Before transferring the case to this court, the Eastern District conditionally filed Buffalo's complaint and gave him multiple opportunities to amend his complaint. The Eastern District also granted Buffalo's motion to proceed in forma pauperis.

[2] Although Buffalo names William G. Petty as the Commonwealth's Attorney for the City of Lynchburg, apparently Michael R. Doucette is the current Commonwealth's Attorney for the City of Lynchburg and has been since 2006. William G. Petty is currently a Judge for the Virginia Court of Appeals. However, regardless of whether Buffalo meant to bring his complaint against the current Commonwealth's Attorney or Hon. William G. Petty, his complaint nevertheless fails to state a claim.

[3] In his original complaint, Buffalo also named the Commissioner and Director of the Virginia Department of Behavioral Health and Developmental Services as defendants to his action. However, upon receipt of his amended complaint, which did not name these defendants, the Eastern District terminated these individuals after apparently construing his amended complaint as a motion to voluntarily dismiss those two defendants.

to 28 U.S.C. § 1915(e)(2)(B)(ii).[4]

## I.

In 1980, Buffalo was found not guilty of malicious wounding by reason of insanity and the Circuit Court for the City of Lynchburg committed him to the Virginia Department of Behavioral Health and Developmental Services[5], where he remains to this day.[6] Buffalo's current action ostensibly seeks damages arising out his latest biennial review and Judge Perrow's finding that:

> Clarence Garfield Buffalo is mentally ill; that due to his mental illness there is a strong likelihood that the acquittee will engage in conduct presenting a substantial risk of bodily harm to other persons or to himself in the foreseeable future if not retained in the custody of the Commissioner on an inpatient hospitalization basis; and that there is little likelihood that the acquittee can be adequately controlled with supervision and treatment on an outpatient basis.

As relief, Buffalo seeks $3 million dollars in damages for mental anguish and asks the court to "lift the [finding of Not Guilty by Reason of Insanity] off" his record.

## II.

Buffalo complains that Judge Perrow violated his rights by finding him mentally ill. However, the court finds that Judge Perrow is entitled to absolute judicial immunity and, therefore,

---

[4] See Michau v. Charleston County, 434 F.3d 725 (4th Cir. 2006) (Under 28 U.S.C. § 1915(e), which governs in forma pauperis filings in addition to complaints filed by prisoners, a district court must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim.).

[5] At the time of Buffalo's commitment and prior to July 1, 2009, the Virginia Department of Behavioral Health and Developmental Services was referred to as the Department of Mental Health, Mental Retardation and Substance Abuse Services.

[6] Buffalo has filed numerous state and federal habeas petitions which are typically incomprehensible. See e.g. Buffalo v. Commissioner, 871 F.Supp. 894 (W.D. Va. 1994). In the past, this court has "liberally construed Mr. Buffalo's petition as meeting exhaustion requirements and evading the procedural bar rule in order to provide meaningful review to a petitioner with a long history of mental illness." However, in this case challenging his most recent biennial review, the court will not construe Buffalo's complaint as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 because it is clear that Buffalo has not properly exhausted his claims in accordance with the applicable state court procedures.

2

dismisses Buffalo's claim.

It is well-established that judges are absolutely immune from liability for damages arising out of their judicial actions. Chu v. Griffith, 771 F.2d 79, 81 (4th Cir.1985) (citing Bradley v. Fisher, 80 U.S. 335 (1872); Stump v. Sparkman, 435 U.S. 349 (1978)). The doctrine of judicial immunity is expansive. Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985) (quoting Bradley, 80 U.S. at 347). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." Stump, 435 U.S. at 356-57. Rather, the doctrine of judicial immunity is only overcome when a judge's actions are not undertaken in his judicial capacity or when they are taken in the complete absence of all jurisdiction. Mireles v. Waco, 502 U.S. 9, 11-12 (1991). With respect to the first inquiry, courts must "draw the line between truly judicial acts, for which immunity is appropriate, and acts that simply happen to have been done by judges." Forrester v. White, 484 U.S. 219, 227 (1988). "[T]he factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." Stump, 435 U.S. at 362. With respect to the second inquiry, courts must distinguish between actions that are taken in the "clear absence of all jurisdiction" over the subject matter, which are not afforded the protection of judicial immunity, and actions that are merely in "excess of jurisdiction," which are afforded such protection. Id. at 356. The Supreme Court has emphasized that "the scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." Id. In this case, Judge Perrow's finding that Buffalo is mentally ill after his biennial review was clearly judicial in nature, and, thus, the court finds that Judge Perrow is entitled to judicial immunity.

3

## III.

Buffalo also claims that the Commonwealth's Attorney and a psychiatrist at Western Virginia Hospital violated his rights; however, despite being given numerous opportunities to amend his complaint, Buffalo has failed to allege sufficient facts in support of his claims. Accordingly, the court finds that Buffalo has failed to state a claim against these defendants, and dismisses his complaint.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), a court shall at "any time" dismiss an in forma pauperis complaint if it "fails to state a claim upon which relief may be granted." A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and a complaint must have "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice to plead a claim." Walker v. Prince George's County, No. 08-1462, 2009 U.S. App. LEXIS 16872, *13 (4th Cir. July 30, 2009) (quoting Ascroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)).

In this case, Buffalo does not allege sufficient facts to state a claim against either of the remaining defendants. Buffalo claims that Dr. Nichols submitted a "damaging" and "false" evaluation of Buffalo's mental state to the court. He also claims that Dr. Nichols "brainwashed" Buffalo to make Buffalo think he was mentally ill. However, Buffalo does not allege what "false" information Dr. Nichols allegedly reported nor does he submit any evidence to contradict Dr. Nichols' report. Buffalo does not provide any evidence of the alleged brainwashing or show how a "damaging" mental evaluation violated his civil rights. Accordingly, the court finds that Buffalo fails to state a claim against Dr. Nichols.

4

Buffalo's claim against the Commonwealth Attorney for the City of Lynchburg is even more incomprehensible. The court cannot discern what Buffalo is trying to allege against the Commonwealth Attorney and thus, the court finds that Buffalo fails to state claim against him.

### IV.

Based on the foregoing, Buffalo's complaint is dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim.

The Clerk is directed to send a certified copy of this Memorandum Opinion and accompanying Order to plaintiff.

ENTER: This 31st day of August, 2009.

_____
United States District Judge